1  **ARNOLD & PORTER KAYE SCHOLER LLP**
   S. Zachary Fayne (CA Bar No. 307288)
2  (zachary.fayne@arnoldporter.com)
   Three Embarcadero Center, 10th Floor
3  San Francisco, CA 94111-4024
   Tel: 415-471-3100; Fax: 415-471-3400
4
   **HOLLINGSWORTH LLP**
5  Eric G. Lasker (*pro hac vice anticipated*)
   (elasker@hollingsworthllp.com)
6  Martin C. Calhoun (*pro hac vice anticipated*)
   (mcalhoun@hollingsworthllp.com)
7  1350 I St., N.W.
   Washington, DC 20005
8  Tel: 202-898-5800; Fax: 202-682-1639

9  *Attorneys for Defendant MONSANTO COMPANY*

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12 | Craig Ataide and Lauri Ataide; Tracy A. Aubuchon and Tim Gross; James Brace, Individually and as Successor-In-Interest on behalf of the Estate of Janice Brace; Sue Briggs and Randolph Martin; William F. Delaney; Jaime Donato, Individually and as Successor-In-Interest on behalf of the Estate of Richard Quinn; Donna Hoyt, Individually and as Successor-In-Interest on behalf of the Estate of John Hoyt; Douglas Knapp and Nellie Ban Dan; Dominic Mammola; Roberto Martell and Maria J. Martell; Arthur Martinez; Jeffrey Nielsen and Juliana Nielsen; Arthur Presser; Willie San Nicolas; Sunny Siguenza; Jeffrey Thurlow; Abel Valli, Jr. and Marie Valli; Carey Watson; Linton John Dise; Richard Jones and Barbara Jones; Cynthia Gannon; Shirley Williams, Individually and as Successor-In-Interest on behalf of the Estate of Thomas Williams; Roberta Lilla; William Tinkey and Doreen Frost; Edward Magennis; James Winchester and Edith Winchester; and Gary Merin,

    Plaintiffs,

    v.

    Monsanto Company, Wilbur-Ellis Company LLC, and Wilbur-Ellis Feed, LLC,

    Defendants.

Case No. 3:19-cv-01289

**MONSANTO COMPANY'S NOTICE OF REMOVAL**

By filing this Notice of Removal and related papers, defendant Monsanto Company ("Monsanto") hereby removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

**INTRODUCTION**

1. The California state court lawsuit at issue here is a multi-plaintiff case that seeks damages for personal injuries – non-Hodgkin's lymphoma ("NHL") – allegedly caused by plaintiffs' (or decedents') exposure to Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Multidistrict litigation proceedings involving numerous other Roundup® lawsuits are pending in this Court. *In re Roundup Prod. Liab. Litig.*, Case No. 16-md-02741-VC.

2. Each plaintiff is of diverse citizenship from Monsanto. But plaintiffs, who are California citizens, tried to prevent Monsanto from removing this lawsuit by filing a multi-plaintiff Complaint that: (a) makes bare-bone allegations about each plaintiff without providing any details about the type of Roundup®-branded herbicide products allegedly used by each plaintiff; and (b) in an attempt to defeat complete diversity and the right to remove, asserts claims against two in-forum California companies, Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC ("Wilbur-Ellis Feed"), that plaintiffs allege – upon mere information and belief – distributed the Roundup®-branded herbicides.

3. However, this removal-prevention strategy was foiled by important developments – California state court orders that require severance of this multi-plaintiff lawsuit and add this lawsuit to the Judicial Council Coordinated Proceeding known as *Roundup Products Cases*, JCCP No. 4953, as well as information provided by plaintiffs in discovery establishing the absence of a viable claim against a California defendant.

4. As discussed in more detail below, removal is appropriate here. ***First***, this Court should implement the state court's severance order and consider each main plaintiff separately when analyzing whether the Court has subject matter jurisdiction. ***Second***, this Court should hold that it has subject matter jurisdiction and that removal is proper with respect to the cases of nine main plaintiffs (and four loss-of-consortium plaintiffs) based on complete diversity of citizenship

Case 3:19-cv-01289-VC   Document 1   Filed 03/11/19   Page 3 of 16

because those plaintiffs fraudulently joined Wilbur-Ellis Feed and Wilbur-Ellis Company, which means that the presence of those in-forum defendants must be disregarded when the Court evaluates the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of two California defendants.

## BACKGROUND AND PROCEDURAL HISTORY

5. Numerous unrelated plaintiffs (27 main plaintiffs and 10 loss-of-consortium plaintiffs) commenced this lawsuit in the Superior Court of the State of California for San Francisco County by filing a Complaint, captioned *Ataide, et al. v. Monsanto Company, et al.*, Case No. CGC-18-571282, on November 13, 2018 (the "State Court Action").  Copies of "all process, pleadings, and orders served upon [Monsanto]," 28 U.S.C. § 1446(a), in the State Court Action are attached collectively as Exhibit 1.

6. Plaintiffs sued Monsanto, Wilbur-Ellis Company and Wilbur-Ellis Feed. Although Wilbur-Ellis Feed recently changed its name to Wilbur-Ellis Nutrition, LLC, Declaration of George Arkoosh ¶ 3 ("Arkoosh Declaration") (attached as Exhibit 2), this Notice of Removal refers to that defendant as Wilbur-Ellis Feed because that is the name used in the Complaint.

7. The Complaint asserts various product liability claims against all three defendants (strict liability, negligence) and seeks damages for NHL allegedly caused by Monsanto's Roundup®-branded herbicides, which plaintiffs claim were distributed by Wilbur-Ellis Company and Wilbur-Ellis Feed.  The Complaint asserts other claims only against Monsanto (fraud, breach of express and implied warranties).

8. The Complaint lumps Wilbur-Ellis Company and Wilbur-Ellis Feed together and refers to them collectively as "Wilbur-Ellis."  Complaint ¶¶ 51-52.  The Complaint alleges that "Wilbur-Ellis is a main distributor of Roundup®, and, ***upon information and belief***, distributed Roundup® used by Plaintiffs."  *Id*. ¶ 52 (emphasis added); *see also id*. ¶ 129 ("***On information and belief***, Wilbur-Ellis was one of the distributors providing Roundup® and other glyphosate-containing products actually used by the Plaintiffs." (emphasis added)).

9. The Honorable Winifred Smith is presiding over a Judicial Council Coordinated

3
MONSANTO COMPANY'S NOTICE OF REMOVAL

Proceeding – *Roundup Products Cases*, JCCP No. 4953 – in the Superior Court of the State of California for Alameda County.

10. On January 25, 2019, Judge Smith issued an order that required, *inter alia*, severance of previously filed multi-plaintiff complaints. January 25, 2019 Order (hereinafter, "JCCP Severance Order") (attached as Exhibit 3). Judge Smith ordered, "for previously filed complaints with more than one plaintiff, that by the earlier of (1) 6/30/19 or (2) 30 days after the date the case is assigned for trial, that all plaintiffs except one per case must be dismissed and the other plaintiffs must file their own individual complaint as in paragraph 1." *Id*. ¶ 2. The only exception to the single-plaintiff-complaint requirement is "where the facts of the plaintiffs are closely intertwined." *Id*. ¶ 1.

11. On February 7, 2019, the State Court Action was added to JCCP No. 4953 for coordinated proceedings with other lawsuits involving personal injuries allegedly caused by Roundup®-branded herbicides. February 7, 2019 Order (attached as Exhibit 4). Thus, as of that date, the State Court Action became subject to the JCCP Severance Order.

## **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

**I. Substantive Requirements For Removal Are Satisfied.**

    **A. This Court should implement the JCCP Severance Order and consider each main plaintiff separately.**

12. In light of the JCCP Severance Order that governs the State Court Action at issue here, this Court should implement Judge Smith's ruling by severing each misjoined main plaintiff's claims from the other misjoined main plaintiff's claims.[1] Then the Court should consider each main plaintiff separately when deciding whether removal is appropriate here.

13. Federal courts – including courts presiding over multi-district litigation proceedings – repeatedly have held that courts are authorized to sever parties when deciding whether to remand removed lawsuits, based on various grounds, including fraudulent misjoinder,

---

[1] Monsanto acknowledges that a loss-of-consortium plaintiff's derivative claims should not be severed from the main plaintiff's claims. The Court should consider such plaintiffs' claims together as one lawsuit.

procedural misjoinder, and/or Rule 21 of the Federal Rules of Civil Procedure. *See, e.g.*, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996) (affirming district court's denial of remand motion and severance order; creating "fraudulent misjoinder" doctrine), *abrogated in part on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Breitner v. Merck & Co.*, Civil Action No. 3:18-cv-15982 (PGS)(TJB), 2019 WL 316026 (D.N.J. Jan. 24, 2019) (applying fraudulent misjoinder doctrine to sever and remand claims of non-diverse plaintiffs and denying remand motion as to remaining plaintiffs); *Mayfield v. London Women's Care, PLLC*, Civil Action No. 15-19-DLB, 2015 WL 3440492, at *3, *6 (E.D. Ky. May 28, 2015) (stating that "[i]t is well-settled that Rule 21 can be used to sever a dispensable, nondiverse party in order to preserve federal jurisdiction" and ordering severance based on Rule 21 without reaching fraudulent misjoinder argument); *In re Propecia (Finasteride) Prod. Liab. Litig.*, No. 12-MD-2331 (JG) (VVP), 2013 WL 3729570, at *14 (E.D.N.Y. May 17, 2013) (magistrate judge's report and recommendation) (concluding that fraudulent misjoinder doctrine should be applied to sever certain plaintiffs and deny remand motion as to other plaintiffs; stating that "plaintiffs' attempt to deny the defendants their right to removal in this manner [filing multi-plaintiff complaint] undermines both the purposes of permissive joinder and the benefits of consolidation in multi-district litigation"); *Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 872-75 (N.D. Ohio 2009) (ordering severance based on Rule 21 and denying remand motion in part, without reaching fraudulent misjoinder argument); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008) (applying *Tapscott* fraudulent misjoinder doctrine; ordering severance and remand based on Rule 21 and denying remand motion in part); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-85 (D. Nev. 2004) (stating that "the Wyeth Defendants' statutory right of removal has been frustrated by Plaintiffs' improper joinder"; ordering severance and denying remand motion for certain plaintiffs); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prod. Liab. Litig.*, 294 F. Supp. 2d 667, 677-79 (E.D. Pa. 2003) (holding that plaintiffs were fraudulently misjoined; ordering severance and denying remand motions); *In re Baycol Prods. Litig.*, MDL No. 1431 (MJD), 2003 WL 22341303, at *3 (D. Minn. 2003) (holding that claims of non-diverse plaintiff were fraudulently misjoined (or misjoined) with other plaintiffs' claims;

ordering severance and remand and denying remand motions for certain plaintiffs); *In re Rezulin Prod. Liab. Litig.*, 168 F. Supp. 2d 136, 144-48 (S.D.N.Y. 2001) (holding that plaintiffs were misjoined and ordering severance of certain plaintiffs to preserve defendant's right to remove rest of multi-plaintiff lawsuit).

14. Here, this Court need not make a fraudulent misjoinder ruling because Judge Smith has already decided that, in JCCP No. 4953, multi-plaintiff complaints must be severed into separate, single-plaintiff complaints. Monsanto merely asks this Court to put Judge Smith's severance ruling into effect – and then decide separately for each misjoined main plaintiff whether the Court has federal diversity jurisdiction over that plaintiff's claims.

15. Although the JCCP Severance Order set a deadline in the future when multi-plaintiff complaints must be severed and refiled as single-plaintiff complaints, that should not deter this Court from implementing the severance ruling when deciding whether this removal is proper. The State Court Action became subject to the JCCP Severance Order when the State Court Action was added to JCCP No. 4953 on February 7, 2019. If Monsanto were to wait on removal until this multi-plaintiff Complaint is severed and refiled as single-plaintiff complaints, those removals would occur more than thirty days after the State Court Action became subject to the JCCP Severance Order, thereby presenting the issue of whether those removals were timely under the thirty-day provision in 28 U.S.C. § 1446(b)(3). Monsanto should not be put to the Hobson's choice of having to wait for plaintiffs to comply with the JCCP Severance Order before filing removal notices – and risk losing the important statutory right of removal on timeliness grounds – versus filing the removal notice now but not being able to invoke the JCCP Severance Order. This Court has the authority to implement the JCCP Severance Order under Rule 21 and the case law cited above, so it is appropriate, in these circumstances, for the Court to do so following removal.

**B. This Court has diversity jurisdiction over, and removal is proper for, the cases of nine main plaintiffs (and four loss-of-consortium plaintiffs) because they fraudulently joined the California defendants.**

16. Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a

non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *id.* (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship, *id.* Moreover, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Id.* at 1068 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

17. In this case, plaintiffs sued Wilbur-Ellis Company and Wilbur-Ellis Feed in the hope that adding claims against those California companies would prevent removal due to lack of diversity jurisdiction and/or due to the forum defendant rule. However, as discussed below, those two defendants have been fraudulently joined.

18. Monsanto is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Missouri. Complaint ¶ 50. Accordingly, Monsanto is deemed to be a citizen of Delaware and Missouri for purposes of federal diversity jurisdiction.

19. Wilbur-Ellis Company is, and was at the time the State Court Action was filed, a limited liability company whose sole member is (and was at the time this lawsuit was filed) Wilbur-Ellis Holdings II, Inc. *See* Declaration of Scott Hushbeck ¶ 4 ("Hushbeck Declaration") (attached as Exhibit 5).

20. Wilbur-Ellis Feed is, and was at the time the State Court Action was filed, a limited liability company whose sole member is (and was at the time this lawsuit was filed) Wilbur-Ellis Holdings II, Inc. *See* Arkoosh Declaration ¶ 5.

21. Wilbur-Ellis Holdings II, Inc. is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. *See id*. ¶ 6; Hushbeck Decl. ¶ 5. Accordingly, Wilbur-Ellis Holdings II, Inc. is deemed to be a citizen of Delaware and California for purposes of federal diversity jurisdiction.

22. Wilbur-Ellis Company and Wilbur-Ellis Feed both are deemed to be citizens of the same states as their member Wilbur-Ellis Holdings II, Inc. – Delaware and California – for purposes of federal diversity jurisdiction.

23. The 13 plaintiffs as to whom Monsanto submits that federal jurisdiction exists (the "Removed Plaintiffs") are citizens of California. Plaintiffs Craig Ataide and Lauri Ataide are, and were at the time the State Court Action was filed, citizens of the State of California. Complaint ¶ 13. Plaintiff Donna Hoyt is, and was at the time the State Court Action was filed, a citizen of the State of California. *Id*. ¶ 19. Plaintiffs Richard Jones and Barbara Jones are, and were at the time the State Court Action was filed, citizens of the State of California. *Id*. ¶ 32. Plaintiff Dominic Mammola is, and was at the time the State Court Action was filed, a citizen of the State of California. *Id*. ¶ 21. Plaintiff Arthur Martinez is, and was at the time the State Court Action was filed, a citizen of the State of California. *Id*. ¶ 23. Plaintiff Arthur Presser is, and was at the time the State Court Action was filed, a citizen of the State of California. *Id*. ¶ 25. Plaintiffs Abel Valli, Jr. and Marie Valli are, and were at the time the State Court Action was filed, citizens of the State of California. *Id*. ¶ 29. Plaintiff Shirley Williams is, and was at the time the State Court Action was filed, a citizen of the State of California. *Id*. ¶ 34. Plaintiffs James Winchester and Edith Winchester are, and were at the time the State Court Action was filed, citizens of the State of California. *Id*. ¶ 38.

24. Therefore, disregarding Wilbur-Ellis Feed and Wilbur-Ellis Company – which were fraudulently joined by the Removed Plaintiffs – means that there is complete diversity of citizenship and that the forum defendant rule does not apply.

25. The following chart summarizes Monsanto's fraudulent joinder arguments in support of removal, more fully set forth below, as to each individual plaintiff (and whether a

particular plaintiff should remain in federal court, or be remanded subject to a reservation of rights for a future removal if warranted under applicable law or facts based on fraudulent joinder or otherwise):

| Plaintiff [loss of consortium plaintiffs shown in brackets] | State of Citizenship | Personal Roundup Use-Only? | Both Wilbur-Ellis (CA) Entities Fraudulently Joined? | Remain in Federal Court? |
|---|---|---|---|---|
| Craig Ataide        [Lauri Ataide] | CA  CA | Yes | Yes  Yes | Yes  Yes |
| Donna Hoyt | CA | Yes | Yes | Yes |
| Richard Jones        [Barbara Jones] | CA  CA | Yes | Yes  Yes | Yes  Yes |
| Dominic Mammola | CA | Yes | Yes | Yes |
| Arthur Martinez | CA | Yes | Yes | Yes |
| Arthur Presser | CA | Yes | Yes | Yes |
| Abel Valli, Jr.        [Marie Valli] | CA  CA | Yes | Yes  Yes | Yes  Yes |
| Shirley Williams | CA | Yes | Yes | Yes |
| James Winchester        [Edith Winchester] | CA  CA | Yes | Yes  Yes | Yes  Yes |
|  |  |  |  |  |
| James Brace | CA | ? (No PFS) | N/A at this time | No |
| Sue Briggs        [Randolph Martin] | CA  CA | ? (No PFS) | N/A at this time  N/A at this time | No  No |
| Jaime Donato | CA | ? (No PFS) | N/A at this time | No |
| Jeffrey Thurlow | CA | ? (No PFS) | N/A at this time | No |
|  |  |  |  |  |
| Tracy Aubuchon        [Tim Gross] | CA  CA | No | N/A at this time  N/A at this time | No  No |
| William Delaney | CA | No | N/A at this time | No |
| Linton Dise | CA | No | N/A at this time | No |
| Cynthia Gannon | CA | No | N/A at this time | No |
| Douglas Knapp        [Nellie Dan] | CA  CA | No | N/A at this time  N/A at this time | No  No |
| Roberta Lilla | CA | No | N/A at this time | No |
| Edward Magennis | CA | No | N/A at this time | No |
| Roberto Martell        [Maria Martell] | CA  CA | No | N/A at this time  N/A at this time | No  No |
| Gary Merin | CA | No | N/A at this time | No |
| Jeffrey Nielsen        [Juliana Nielsen] | CA  CA | No | N/A at this time  N/A at this time | No  No |
| Willie San Nicolas | CA | No | N/A at this time | No |
| Sunny Siguenza | CA | No | N/A at this time | No |
| William Tinkey        [Doreen Frost] | CA  CA | No | N/A at this time  N/A at this time | No  No |
| Carey Watson | CA | No | N/A at this time | No |

### 1. The Removed Plaintiffs fraudulently joined Wilbur-Ellis Feed.

26. Wilbur-Ellis Feed did not come into existence as a corporate entity until September 2015. Arkoosh Declaration ¶ 7. Therefore, any Removed Plaintiff (or any Removed Plaintiff's decedent) whose alleged exposure to Roundup®-branded herbicides ended before that date – namely, Donna Hoyt, Shirley Williams, and James Winchester, *see* Complaint ¶¶ 19, 34, 38 – does not have viable claims against Wilbur-Ellis Feed.

27. Wilbur-Ellis Feed is (and has been) in the business of ensuring that animals receive customized, high-quality, dependable nutrients. Arkoosh Declaration ¶ 7. Wilbur-Ellis Feed has never designed, manufactured, distributed, or sold Roundup®-branded herbicides or any other herbicides. *Id*. Therefore, the Removed Plaintiffs do not have any viable claims against Wilbur-Ellis Feed. *See, e.g.*, *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) (holding that California defendant was fraudulently joined because it did not manufacture Mirena and did not distribute ***plaintiff's*** Mirena); *Tucker v. McKesson Corp*., No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co*., No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries).

28. For the foregoing reasons, the Court should hold that the Removed Plaintiffs fraudulently joined Wilbur-Ellis Feed and should disregard the citizenship of that defendant when assessing whether their claims have been properly removed.

### 2. The Removed Plaintiffs fraudulently joined Wilbur-Ellis Company.

29. Wilbur-Ellis Company is (and has been) in the business of, among other things, distributing and selling certain pesticides and herbicides, including certain glyphosate-based

herbicide products. Hushbeck Declaration ¶ 6. Glyphosate-based herbicide products (including Monsanto's glyphosate-based herbicides) are designed for and sold to three different markets: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) what Wilbur-Ellis Company calls the professional market, which involves herbicide products that are designed for and sold to, for example, landscaping companies, golf courses, schools, or state and local government agencies (to maintain roads, parks, and/or rights-of-way). *Id.*; *see* Declaration of Steven Gould ¶ 5 ("Gould Declaration") (attached as Exhibit 6). That third market is what Monsanto calls the industrial, turf, and ornamental ("IT&O") market. Hushbeck Declaration ¶ 6; Gould Declaration ¶ 5.

30.     Wilbur-Ellis Company is (and has been) in the business of distributing and selling only certain categories of Monsanto glyphosate-based herbicide products – namely, herbicides designed for the agricultural market and herbicides designed for the IT&O/professional market. Gould Declaration ¶ 6; Hushbeck Declaration ¶ 7.

31.     Wilbur-Ellis Company does not sell (and has never sold) Monsanto glyphosate-containing herbicides that have been created and designed for the residential-lawn-and-garden market. Gould Declaration ¶ 6; Hushbeck Declaration ¶ 7. For example, Wilbur-Ellis Company has never played any role in the chain of distribution leading to Monsanto's glyphosate-based, lawn-and-garden herbicides being sold at national retail stores like Home Depot, Lowe's, Target, Walmart, Costco, or Ace Hardware. Hushbeck Declaration ¶ 7; *see* Gould Declaration ¶ 6.

32.     Moreover, Wilbur-Ellis Company is not (and has never been) the sole or exclusive distributor of Monsanto's glyphosate-based herbicides in the State of California. Hushbeck Declaration ¶ 8; Gould Declaration ¶ 7. There are (and have been) other distributors of Monsanto's glyphosate-based herbicides in California. Gould Declaration ¶ 7. Wilbur-Ellis Company has never been the largest distributor of those herbicides in California. *Id*. ¶ 7.

33.     Wilbur-Ellis Company has never designed or manufactured Monsanto's glyphosate-based herbicides. Hushbeck Declaration ¶ 9; Gould Declaration ¶ 8.

34.     The Removed Plaintiffs have submitted Plaintiff's Fact Sheets stating that they used Roundup®-branded herbicides for personal use and not for work-related reasons. *See* Craig

1  Ataide's Plaintiff's Fact Sheet at 8 (excerpts attached as Exhibit 7); Donna Hoyt's Plaintiff's Fact
2  Sheet at 8 (excerpts attached as Exhibit 8); Richard Jones' Plaintiff's Fact Sheet at 8 (excerpts
3  attached as Exhibit 9); Dominic Mammola's Plaintiff's Fact Sheet at 8 (excerpts attached as
4  Exhibit 10); Arthur Martinez's Plaintiff's Fact Sheet at 8 (excerpts attached as Exhibit 11); Arthur
5  Presser's Plaintiff's Fact Sheet at 8 (excerpts attached as Exhibit 12); Abel Valli, Jr.'s Plaintiff's
6  Fact Sheet at 8 (excerpts attached as Exhibit 13); Shirley Williams' Plaintiff's Fact Sheet at 8
7  (excerpts attached as Exhibit 14); James Winchester's Plaintiff's Fact Sheet at 8 (excerpts
8  attached as Exhibit 15).  Thus, those plaintiffs (and their associated loss-of-consortium plaintiffs)
9  do not have viable claims against Wilbur-Ellis Company.  *See supra* Paragraph 27 (citing
10 fraudulent joinder cases).

11       35.   For the foregoing reasons, the Court should hold that the Removed Plaintiffs
12 fraudulently joined Wilbur-Ellis Company and should disregard the citizenship of that defendant
13 when assessing whether their claims have been properly removed.

14       *     *     *     *

15       36.   The Complaint seeks compensatory and punitive damages based on allegations
16 that Monsanto's Roundup®-branded herbicides caused plaintiffs (or their decedents) to develop
17 cancer (NHL).  Therefore, it is plausible from the face of the Complaint that plaintiffs seek
18 damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional
19 amount-in-controversy requirement.  28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating*
20 *Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a
21 plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see*
22 *also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D.
23 Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the
24 amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332.").
25 In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded
26 herbicides have been filed against Monsanto in this Court and other federal courts asserting
27 jurisdiction under § 1332(a) and alleging damages in excess of $75,000, exclusive of interest and
28 costs.

37. Thus, this Court has original subject matter jurisdiction over the claims of the Removed Plaintiffs (the Ataides, Hoyt, the Joneses, Mammola, Martinez, Presser, the Vallis, Williams, and the Winchesters) based on § 1332(a) because there is complete diversity of citizenship between those plaintiffs and Monsanto (disregarding the citizenship of the fraudulently joined Wilbur-Ellis companies) and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

38. Fourteen plaintiffs – Tracy Aubuchon, William Delaney, Linton Dise, Cynthia Gannon, Douglass Knapp, Roberta Lilla, Edward Magennis, Roberto Martell, Gary Merin, Jeffrey Nielsen, Willie San Nicolas, Sunny Siguenza, William Tinkey, and Carey Watson – submitted Plaintiff's Fact Sheets claiming something other than exclusively personal/residential use of Roundup®-branded herbicides.  Four plaintiffs – James Brace, Sue Briggs, Jaime Donato, and Jeffrey Thurlow – have not submitted Plaintiff's Fact Sheets.  Accordingly, based on those plaintiffs' upon-information-and-belief allegations in the Complaint and the evidence available to Monsanto at this time, Monsanto does not object to the Court remanding the claims of those eighteen plaintiffs and their associated loss-of-consortium plaintiffs (with Monsanto reserving the right to remove their claims later based on subsequent developments and applicable legal principles).

39. To summarize, the status of the plaintiffs named in the Complaint is as follows:

- Craig and Lauri Ataide – complete diversity of citizenship/fraudulent joinder;
- Donna Hoyt – complete diversity of citizenship/fraudulent joinder;
- Richard and Barbara Jones – complete diversity of citizenship/fraudulent joinder;
- Dominic Mammola – complete diversity of citizenship/fraudulent joinder;
- Arthur Martinez – complete diversity of citizenship/fraudulent joinder;
- Arthur Presser – complete diversity of citizenship/fraudulent joinder;
- Abel Valli, Jr. and Marie Valli – complete diversity of citizenship/fraudulent joinder;
- Shirley Williams – complete diversity of citizenship/fraudulent joinder;
- James and Edith Winchester – complete diversity of citizenship/fraudulent joinder;
- James Brace (no PFS) – no objection to remand, with reservation of rights;

- Sue Briggs and Randolph Martin (no PFS) – no objection to remand, with reservation of rights;
- Jaime Donato (no PFS) – no objection to remand, with reservation of rights;
- Jeffrey Thurlow (no PFS) – no objection to remand, with reservation of rights;
- Tracy Aubuchon and Tim Gross – no objection to remand, with reservation of rights;
- William Delaney – no objection to remand, with reservation of rights;
- Linton Dise – no objection to remand, with reservation of rights;
- Cynthia Gannon – no objection to remand, with reservation of rights;
- Douglas Knapp and Nellie Dan – no objection to remand, with reservation of rights;
- Roberta Lilla – no objection to remand, with reservation of rights;
- Edward Magennis – no objection to remand, with reservation of rights;[2]
- Roberto and Maria Martell – no objection to remand, with reservation of rights;
- Gary Merin – no objection to remand, with reservation of rights;
- Jeffrey and Juliana Nielsen – no objection to remand, with reservation of rights;
- Willie San Nicolas – no objection to remand, with reservation of rights;
- Sunny Siguenza – no objection to remand, with reservation of rights;
- William Tinkey and Doreen Frost – no objection to remand, with reservation of rights
- Carey Watson – no objection to remand, with reservation of rights.

## II. Procedural Requirements For Removal Are Satisfied.

40. The Superior Court of the State of California for Alameda County is located within the Northern District of California. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

41. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(3). The "case stated by the initial pleading [was] not removable," *id.*, because the Complaint had bare-bones allegations about plaintiffs that provided no information about whether they used

---

[2] According to a death certificate submitted with Edward Magennis' Plaintiff's Fact Sheet, Mr. Magennis died in 2004. The Complaint was filed long after his death in Mr. Magennis' name – not by a plaintiff suing on his behalf – so Monsanto reserves the right to seek dismissal of Mr. Magennis' claims.

Roundup®-branded herbicides for personal reasons or work-related reasons. This precluded Monsanto from determining whether plaintiffs fraudulently joined Wilbur-Ellis Company.

42. It could "first be ascertained that [the State Court Action] . . . bec[a]me removable," *id*., when the State Court Action was added to JCCP No. 4953 by Judge Smith's February 7, 2019 Order, which made the State Court Action subject to the JCCP Severance Order. Monsanto is filing this Notice of Removal within 30 days of February 7, 2019 (not counting the weekend days at the end of that period), so this Notice of Removal is timely. *See* § 1446(b)(3); *see also* Fed. R. Civ. P. 6(a)(1).

43. For the claims of those plaintiffs who fraudulently joined Wilbur-Ellis Company and Wilbur-Ellis Feed, those two defendants' consent to removal is not required because those defendants have not been "properly joined," 28 U.S.C. § 1446(b)(2)(A). In any event, to the extent that their consent may be required, Wilbur-Ellis Company and Wilbur-Ellis Feed have consented to removal. Hushbeck Declaration ¶ 10; Arkoosh Declaration ¶ 8.[3]

44. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Superior Court of the State of California for Alameda County and will be promptly served on plaintiffs.

## CONCLUSION

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

---

[3] By requesting and/or providing this consent, no defendant concedes that either Wilbur-Ellis Company or Wilbur-Ellis Feed is properly joined as a defendant in this lawsuit.

DATED: March 11, 2019

Respectfully submitted,

/s/ S. Zachary Fayne
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I St., N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

Attorneys for Defendant MONSANTO COMPANY